**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TYSHEIA GARVIN** | : | **BANKRUPTCY NO. 26-10702 (DJB)** |
| | : | |
| **Debtor** | : | |
| | : | |

**APPLICATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
TO EMPLOY HKM EMPLOYMENT ATTORNEYS LLP AS SPECIAL COUNSEL
PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED. R. BANKR. P. 2014**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of

Tysheia Garvin (the "Debtor"), hereby submits this Application to Employ HKM Employment

Attorneys LLP ("HKM") as Special Counsel Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed.

R. Bankr. P. 2014 (the "Application"), and in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue of this proceeding and this Application are proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328

and Fed. R. Bankr. P. 2014.

**BACKGROUND**

A.      **Procedural Background**

4.      On February 20, 2026 (the "Petition Date"), the Debtor filed for protection under

Chapter 7 of the Bankruptcy Code.

5.      On the Petition Date, the Trustee was appointed and is so acting.

**B.     The Wrongful Termination Claim**

6.      Prior to the Petition Date, the Debtor asserted that she was wrongfully terminated from her employment with Onix Hospitality, LLC d/b/a Hampton Inn & Suites Chadds Ford and brought a wrongful termination claim (the "Claim").

7.      Prior to the Petition Date, the Debtor retained HKM to prosecute the Claim.

8.      The Trustee wishes to employ HKM as special counsel to prosecute the Claim for the benefit of the Estate.

9.      HKM represented the Debtor prior to the Petition Date but never received any payments from the Debtor.

10.     The Trustee requires assistance with this matter.  The Trustee believes it is most cost-effective, efficient, and in the best interest of the Bankruptcy Estate to hire professionals who possess specific skills and extensive experience and knowledge in this field.  The Trustee believes that HKM has the necessary experience and methods to expeditiously handle this matter.

11.     Accordingly, the Trustee seeks to employ HKM to assist her with the Claim so that this asset can be administered in the most cost-effective manner with the maximum benefit for the Estate.

12.     HKM will be paid on the following contingency fee basis (the "Contingency Fee"):

(a)     Forty percent (40%) on all monies recovered plus the reimbursement of costs and expenses.

13.     The Trustee will file an application with this Court in accordance with *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

14.     To the best of the Trustee's knowledge, HKM has no connection with the Debtor, creditors, or any other parties in interest, their respective attorneys or accountants pursuant to Fed. R. Bankr. P. 2014 except as set forth in the Verified Statement of Stephanie Solomon, Esquire

attached hereto as Exhibit "A" and made a part hereof.

## RELIEF REQUESTED

15. By this Application, the Trustee requests that the Court enter an order authorizing her to employ HKM as special counsel to prosecute the Claim for the benefit of the Estate pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

16. HKM has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

17. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person

employed in the office of the United States trustee.

19.     Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

20.     The Trustee contends that HKM's employment is necessary and in the best interest of the Estate.

21.     The Trustee has determined that the services of HKM are needed and that the cost is warranted.

**WHEREFORE**, the Trustee respectfully requests entry of an Order (i) authorizing the employment of HKM as special counsel and (ii) granting such other and further relief as this Honorable Court deems equitable and just.

**Respectfully submitted,**

**CHAPTER 7 TRUSTEE FOR THE ESTATE OF
TYSHEIA GARVIN**

By:    /s/ Christine C. Shubert
        Christine C. Shubert
        821 Wesley Avenue
        Ocean City, NJ 08226
        (609) 938-4191
        christine.shubert@bmstrustee.onmicrosoft.com

*Chapter 7 Trustee*

Dated: May 7, 2026