# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TYSHEIA GARVIN** | : | **BANKRUPTCY NO. 26-10702 (DJB)** |
| | : | |
| **Debtor** | : | |
| | : | |

## VERIFIED STATEMENT

In accordance with Fed. R. Bankr. P. 2014, I, Stephanie Solomon, Esquire, hereby state as follows:[1]

1.      I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania and the State of West Virginia.

2.      I am a partner with HKM which maintains an office at 220 Grant Street, Suite 401, Pittsburgh, PA 15219.

3.      To the best of my knowledge, information and belief, neither I, nor any member of HKM, have any connection with any party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

4.      Neither I, nor HKM, have any interest adverse to the Estate in the matters upon which the firm or myself are to be engaged.

5.      HKM represented the Debtor prior to the Petition Date but never received any payments from the Debtor.

6.      I caused HKM to research the firm's database to determine whether HKM had any relationships with the Debtor and the creditors listed on the matrix and determined HKM does not represent the creditors in any capacity, related or unrelated to the Debtor's bankruptcy case or its

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Application.

estate. HKM has no adverse interest or connections with any creditor and is disinterested.

7.      The Contingency Fee is customary in the market for wrongful termination cases and is the same rate HKM typically charges for other bankruptcy and non-bankruptcy engagements.

8.      HKM further understands and agrees that:

a.      HKM and I are obligated to keep the Trustee fully informed as to all aspects of this matter, as the Estate is my client, not the Debtor, until such time as the claim in question is abandoned by the Trustee, as shown by a written notice of such abandonment.

b.      All proceeds of any settlement or recovery must be paid to the Trustee in the first instance, and none may be disbursed without either approval in writing by the Trustee or an Order of the Bankruptcy Court.

c.      If this Application for appointment is approved, any fees or reimbursement of costs for the proceeds of any recoveries will be paid by the Trustee only after approval by the Bankruptcy Court.

d.      No settlements may be entered into or become binding without the approval of the Bankruptcy Court and the Trustee, after notice to the Trustee, creditors and parties in interest.

e.      All issues as to attorneys' fees, Debtor's exemptions, the distribution of any recovery between the Debtor and the Trustee or creditors, or any other issue which may come to be in dispute between the Debtor and the Trustee or creditors are subject to jurisdiction of the Bankruptcy Court. Neither I, nor any other attorney or associate of HKM, will undertake to advise or represent the Debtor as to any such matters or issues. Instead, HKM will undertake to obtain

the best possible result on the claim, and will leave to others any advice or representation as to such issues.

f.      HKM is not authorized to grant any "lien" upon, offer to protect payment of any claim for services out of, or otherwise pledge or encumber in any way any part of any recovery without separate Order of this Court, which may or may not be granted.

g.      As part of this representation, I will need to incur costs, which may include, among other things, court costs, service fees, deposition costs, cost of briefs, transcripts on appeal and extraordinary photocopying, messenger service, overnight delivery, faxing, long distance telephone and express mail expenses.

h.      In addition, as part of this representation, I will need to hire experts for other testimony or evidence to advise and assist in the conduct of prosecuting the Claim, specifically, liability or forensic experts, vocational or economic experts, or other experts on issues of liability or damages.  In this regard, I agree that:

i.      I, or HKM, will pay or advance any fees or cost retainers required by such experts with the understanding that such payment or advance will be included as a cost in any subsequent fee application I, or HKM, will make to this Court.

ii.      Such fees or expenses of such experts are subject to reimbursement only by the Estate, upon approval of this Court, to be paid as an administrative expense in this bankruptcy case pursuant to 11 U.S.C. § 726, out of proceeds of any settlement or recovery in connection to the prosecution of the Claim.

9.    I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

HKM EMPLOYMENT ATTORNEYS LLP

By:_____

Stephanie Solomon, Esquire

Dated: May 7____, 2026

Doc ID: 2083eaaaf789379f766a5c4ff0ddba6da2c3c8e1